UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUANA PATRICIA CABALLERO GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, Acting Field Office Director, et al.,<br><br>Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*     Civil Action No. 1:25-cv-13996-IT<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM

January 14, 2026

TALWANI, D.J.

      On December 29, 2025, Petitioner Juana Patricia Caballero Gutierrez filed a Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Petitioner states that she is a Nicaraguan national who entered the United States on or about December 12, 2022. Pet. ¶ 1 [Doc. No. 1]. Petitioner alleges that on December 29, 2025, federal immigration officials arrested her during a check-in with U.S. Immigration and Customs Enforcement ("ICE"). Id. ¶ 22. In her Petition, Petitioner also alleges that she was scheduled to undergo a required surgery for her gallbladder on March 4, 2026. Id. ¶ 23. Respondents filed their Response [Doc. No. 5] on December 30, 2025.

      On January 1, 2026, Petitioner filed a Motion for Preliminary Injunction [Doc. No. 7]. The motion and attached declaration by Petitioner's counsel state that on December 30, 2025, while Petitioner was detained, she began to experience severe pain and required hospitalization. Mot. for Prelim. Injunction 1 [Doc. No. 7]; VanScoyoc Decl. ¶ 8 [Doc. No. 7-1]. Petitioner alleges that while hospitalized she has been "kept shackled/cuffed at the wrists and ankles by

ICE." VanScoyoc Decl. ¶ 8 [Doc. No. 7-1]. Petitioner's counsel communicated with Petitioner and a recovery room nurse by phone on December 31, 2025, and was informed that Petitioner had emergency surgery to remove her gallbladder. Id. ¶ 9. The nurse further explained to Petitioner's counsel that Petitioner would potentially be ready for discharge on January 1, 2026. Id. On January 1, 2026, Petitioner's counsel called the hospital to speak with Petitioner. Id. ¶ 10. An individual identifying himself as an officer answered the phone and did not allow counsel to speak with her. Id.

On January 2, 2026, Respondents filed a Notice of Intent to Transfer [Doc. No. 9] informing the court that "Respondents intend to transfer Petitioner to the Laredo Processing Center (LPC) – CoreCivic, 4702 E. Saunders Ave., Laredo, TX 78041[.]" Notice of Intent to Transfer 1 [Doc. No. 9]. The Notice explained that transfer was necessary because "Petitioner is currently being housed in a temporary holding facility not designed for long term detention, whereas bed space is currently available at another facility more appropriate for her care." Id. at 2. The notice did not mention Petitioner's medical emergency.

The court entered an electronic order the same day stating:

> Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows. In light of Petitioner's alleged hospitalization and emergency surgery, see VanScoyoc Decl. [¶¶ 8, 9] [Doc. No. 7-1], and where Petitioner's counsel has not been allowed to contact Petitioner since January 1, 2026, see id. 10, Respondents are ordered to release Petitioner from custody before 6:00 p.m. today, January 2, 2026. If Respondents seek to re-detain Petitioner, they shall first notice and hold a bond hearing pursuant to 8 U.S.C. § 1226(a). Petitioner is ordered to attend any such bond hearing. Respondents are further ORDERED to file a status report within 10 days of this Order notifying the court whether a bond hearing was sought, noticed, and held, and if so, whether Petitioner was granted bond or if Petitioner's request for bond was denied. Any decision by the immigration judge to re-detain Petitioner following a bond hearing shall set forth the reasons for the continued detention. Memorandum to follow.

Electronic Order [Doc. No. 10]. This Memorandum sets forth the grounds for the Electronic Order [Doc. No. 10].

In her Petition [Doc. No. 1], Petitioner contends that she "is currently being detained without access to a hearing to determine whether she is a danger or flight risk, in violation of the Immigration and Nationality Act and the implementing regulations." Pet. ¶ 28 [Doc. No. 1]. Respondents meanwhile concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in . . . Doe v. Moniz, No. 25-cv-12094-IT, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), and [Elias] Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025)." Respondents' Resp. 1 [Doc. No. 5].

Respondents consequently acknowledge that, "[s]hould the Court follow its reasoning in Doe v. Moniz and [Elias] Escobar v. Hyde, it would reach the same result here." Id.

Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe remains correct and that Petitioner's detention is governed by 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (D. Mass. Oct. 20, 2025) (citing cases reaching the same conclusion).

Further, Respondents did not respond to Petitioner's claims regarding her medical emergency and subsequent surgery in either their Response [Doc. No. 5] or in their Notice of Intent to Transfer [Doc. No. 9]. The Notice of Intent to Transfer also did not address whether Petitioner is receiving adequate care as she recovers from surgery while in custody. Accordingly, the court entered the Electronic Order [Doc. No. 10] set forth above.

January 14, 2026                                          /s/ Indira Talwani
                                                          United States District Judge